

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,790

### EX PARTE ARTHUR LEE BURTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NUMBER 760321-B FROM THE 338TH DISTRICT COURT
### OF HARRIS COUNTY

**HOLCOMB, J.,** *filed a concurring opinion.*

### O P I N I O N

I respectfully disagree with the majority's determination that the particular underlying Fifth

Amendment issue in this case is unsettled. *See* Majority op. at *3. In my view, the dissent to our

2008 remand order had correctly stated:

> *Estelle v.* [*Smith*], 451 U.S. 454 (1981), is on point; unwarned statements made by an inmate during a court-ordered psychological examination were admitted at the penalty phase on the issue of future dangerousness. The United States Supreme Court held that those statements were inadmissible. Applicant made statements during a prison-system-ordered interrogation, and his statements were used against him during . . . his second sentencing hearing on the issue of future dangerousness. Under *Estelle*, applicant's statements to Guyton are inadmissible.

*Ex Parte Burton*, AP-75,790, 2008 WL 2486459 at *3 (Tex. Crim. App. June 18, 2008) (Johnson, J., dissenting) (not designated for publication) (parallel citations omitted).  Thus, I believe that counsel *was* deficient in failing to properly object in this case.  But I do not believe that this deficiency *prejudiced* applicant under the *Strickland v. Washington*, 466 U.S. 668 (1984), standard of review for determining ineffective assistance of counsel.  I, therefore, concur.


FILED: APRIL 1, 2009.

DO NOT PUBLISH